# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RECOVERY FUND II USA LLC on behalf of itself and all other similarly situated former unsecured creditors in certain other actions brought pursuant to Chapter 7 of the Bankruptcy Code,<br><br>          Plaintiff,<br><br>    v.<br><br>RABOBANK, NATIONAL ASSOCIATION, BANKRUPTCY MANAGEMENT SOLUTIONS, INC., ERIC KURTZMAN, ABC COMPANIES 1-10, and JOHN and JANE DOES 1-10,<br><br>          Defendants. | C.A. No. 1:18-CV-02039-MN<br><br>CLASS ACTION<br><br>Jury Trial Demanded |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

**OF COUNSEL:**

**STERN & EISENBERG PC**
Steven K. Eisenberg
Evan Barenbaum
1581 Main Street, Suite 200
Warrington, PA 19876
(215) 575-5025

**PRICKETT, JONES & ELLIOTT, P.A.**
Bruce E. Jameson (#2931)
Kevin H. Davenport (#5327)
Samuel L. Closic (#5468)
1310 N. King Street
Wilmington, DE 19801
(302) 888-6500
bejameson@prickett.com
khdavenport@prickett.com
slclosic@prickett.com

*Attorneys for Plaintiff*

Dated: March 31, 2020

# TABLE OF CONTENTS

<u>Page No.</u>

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ............................................. 1

SUMMARY OF ARGUMENT ............................................................................. 1

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT ................................................................................................. 5

I.     THE AMERICAN RULE CREATES A STRONG PRESUMPTION THAT EACH PARTY BEARS ITS OWN COST ................................................. 5

II.    DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS' FEES UNDER 42 U.S.C. § 1988(B). .......................................................... 6

     A.    Defendants Are Not "Prevailing Parties" Within the Meaning of § 1988(b). ........................................................... 6

     B.    Defendants Are Not Entitled to Attorneys' Fees Because Plaintiff Acted in Good Faith ............................................... 8

III.   DEFENDANTS ARE NOT ENTITLED TO FEE SHIFTING UNDER 23 U.S.C. § 1927 ................................................................ 9

     A.    An Award of Attorneys' Fees Under § 1927 Applies to Limited Circumstances of Willful Bad Faith Conduct. ...................... 9

     B.    The Requisite "Willful Bad Faith" Standard For Fee Shifting Under 23 U.S.C. § 1927 Is Met Only In Extreme Cases ............ 10

     C.    Plaintiff's Counsel Acted In Good Faith ................................... 13

IV.   DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS' FEES UNDER THE COURT'S INHERENT AUTHORITY. ................................... 15

V.    THERE IS NO JOINT AND SEVERAL LIABILITY BETWEEN RECOVERY FUND AND COUNSEL ............................................. 16

VI.   DEFENDANTS HAVE NOT PROVEN THE CAUSAL CONNECTION OR THE REASONABLENESS OF THE REQUESTED FEES ......................... 17

     A.    Attorneys' Fees Must be Shown as Causally Related to the Alleged Bad Faith Conduct and as Reasonable. ...................... 17

     B.    Defendants' Application Fails to Show a Causal Connection to or the Reasonableness of their Requested Attorneys' Fees ................. 18

CONCLUSION ............................................................................................. 20

## TABLE OF AUTHORITIES

Page(s)

CASES

*Baker Indus., Inc. v. Cerberus Ltd.*,
  764 F.2d 204 (3d Cir. 1985) .........................................................................................11

*Baker Indus., Inc. v. Valley Fair*,
  932 F.2d 204 (3d Cir. 1985) .........................................................................................10

*Baldinger v. Cronin*,
  535 F. App'x 78 (3d Cir. 2013) .....................................................................................14

*Barnes Found. v. Twp. of Lower Merion*,
  242 F.3d 151 (3d Cir. 2001) ...........................................................................................6

*Brown v. Fairleigh Dickinson Univ.*,
  560 F. Supp. 391 (D.N.J. 1983) ....................................................................................16

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*,
  532 U.S. 598 (2001) ....................................................................................................2, 7

*Carlino v. Gloucester City High Sch.*,
  44 F. App'x 599 (3d Cir. 2002) .....................................................................................13

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ...............................................................................................5, 6, 15

*Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*,
  434 U.S. 412 (1978) .......................................................................................................8

*Creely v. Crestview Ctr.*,
  241 F. App'x 58 (3d Cir. 2007). ...................................................................................12

*Evans v. Chichester Sch. Dist.*,
  2008 WL 4610240 (E.D. Pa. Oct. 15, 2008) ..............................................................7, 8

*Farrar v. Hobby*,
  506 U.S. 103 (1992) ....................................................................................................6, 7

*Ford v. Temple Hosp.*,
  790 F.2d 342 (3d Cir. 1986) .............................................................................5, 10, 17

*Fox v. Vice*,
  563 U.S. 826 (2011) ....................................................................................................2, 8

ii

*Gaiardo v. Ethyl Corp.*,
    835 F.2d 479 (3d Cir. 1987) ........................................................................ 14, 16

*Goodyear Tire & Rubber Co. v. Haeger*,
    137 S. Ct. 1178 (2017) .............................................................................. 15, 18

*Grider v. Keystone Health Plan Cent., Inc.*,
    580 F.3d 119 (3d Cir. 2009) ................................................................. 2, 10, 12

*Hackman v. Valley Fair*,
    932 F.2d 239 (3d Cir. 1991) ........................................................................... 9

*Hardt v. Reliance Standard Life Ins. Co.*,
    560 U.S. 242 (2010) ....................................................................................... 5

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ......................................................................... 17, 18, 19

*Hernandez v. Kalinowski*,
    146 F.3d 196 (3d Cir. 1998) ........................................................................... 6

*Howe v. Litwack*,
    579 F. App'x 110 (3d Cir. 2014) ................................................................... 11

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
    426 F.3d 694 (3d Cir. 2005) ......................................................................... 17

*Johnson v. Med. Coll. of Pa.*,
    1988 WL 54047 (E.D. Pa. May 23, 1988) ...................................................... 17

*Kutska v. California State Coll.*,
    564 F.2d 108 (3d Cir. 1977) ........................................................................... 9

*LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*,
    287 F.3d 279 (3d Cir. 2002) ....................................................................... 2, 9

*Lewis v. Smith*,
    480 F. App'x 696 (3d Cir. 2012) ................................................................... 10

*Link v. Wabash R. Co.*,
    370 U.S. 626 (1962) ..................................................................................... 15

*Loftus v. Se. Pa. Transp. Auth.*,
    8 F. Supp. 2d 458 (E.D. Pa. 1998) ............................................................... 16

*Maldonado v. Houstoun*,
    256 F.3d 181 (3d Cir. 2001) ......................................................................... 17

*Martin v. Brown*,
   63 F.3d 1252 (3d Cir. 1995) ........................................................................................15

*Marx v. Gen. Rev. Corp.*,
   568 U.S. 371 (2013) ................................................................................................1, 5

*McCutcheon v. Am.'s Servicing Co.*,
   560 F.3d 143, 151 (3d Cir. 2009) ................................................................................19

*Murphy v. Hous. Auth. & Urban Redevelopment Agency of City of Atl. City*,
   158 F. Supp. 2d 438 (D.N.J. 2001) ........................................................................6, 12

*Murphy v. Hous. Auth. & Urban Redevelopment Agency of City of Atl. City*,
   32 F. Supp. 2d 753 (D.N.J. 1999) ..............................................................................12

*People Against Police Violence v. City of Pittsburgh*,
   520 F.3d 226 (3d Cir. 2008) .........................................................................................5

*Prate v. Freedman*,
   583 F.2d 42 (2d Cir. 1978) .........................................................................................16

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
   278 F.3d 175 (3d Cir. 2002) ................................................................... 3, 10, 15, 18

*Roadway Exp., Inc. v. Piper*,
   447 U.S. 752 (1980) ...................................................................................................10

*Robles v. U.S. Envtl. Universal Servs., Inc.*,
   2012 WL 1033040 (D.N.J. Mar. 26, 2012) ...............................................................19

*Rode v. Dellarciprete*,
   892 F.2d 1177 (3d Cir. 1990)................................................................................17, 18

*Simmerman v. Corino*,
   27 F.3d 58 (3d Cir. 1994) ...........................................................................................11

*Singer Mgmt. Consultants, Inc. v. Milgram*,
   650 F.3d 223 (3d Cir. 2011) ...............................................................................2, 7, 8

*Smith v. Philadelphia Hous. Auth.*,
   107 F.3d 223 (3d Cir. 1997) ................................................................................17, 18

*Trauma Serv. Grp., P.C. v. Hunter, MacLean, Exley & Dunn, P.C.*,
   2000 WL 764911 (E.D. Pa. June 12, 2000)................................................................17

*W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*,
   231 F. Supp. 3d 19 (D. Del. 2017) .............................................................................11

*Williams v. Giant Eagle Markets, Inc.*,
  883 F.2d 1184 (3d Cir. 1989) ............................................................................. 15, 16

*Zuk v. E. Pa. Psych. Inst. of Med. Coll. of Pa.*,
  103 F.3d 294 (3d Cir. 1996) ......................................................................... 13, 14, 16

**RULES**

Fed. R. Civ. P. 11 ........................................................................................................... 11, 13

**STATUTES**

28 U.S.C. § 1927 .............................................................................................................. *passim*

42 U.S.C. § 1983 .............................................................................................................. *passim*

42 U.S.C. § 1988 .............................................................................................................. *passim*

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Recovery Fund II USA LLC ("Recovery Fund" or "Plaintiff") brought this class action ("the "Litigation"), asserting eleven counts against Defendants Bankruptcy Management Solutions, Inc. ("BMS"), Rabobank, National Association ("Rabobank"), and Eric Kurtzman (together, "Defendants").  (D.I. 1.)  Recovery Fund, with its attorneys ("Counsel"), amended the initial complaint (the "Amended Complaint") (D.I. 25) after Defendants' motions to dismiss.  (D.I. 17, 20.)  The Amended Complaint asserted an additional claim under 42 U.S.C. § 1983 and pled other counts differently.  After the parties completed briefing on Defendants' motions to dismiss the Amended Complaint in its entirety (D.I. 34, 37), Magistrate Judge Hall heard oral argument on December 10, 2019.   On January 31, 2020, Magistrate Judge Hall issued a Report and Recommendation ("Recommendation") granting Defendants' motions to dismiss.  (D.I. 60.)  The Court adopted the Recommendation by order dated February 18, 2020, and dismissed the Amended Complaint with prejudice.  (D.I. 61.)

On March 3, 2020, BMS and Kurtzman moved for attorneys' fees (D.I. 62, 63, 64), and were joined by Rabobank (together, the "Application").  (D.I. 65, 66, 67.)  The Application[1] seeks attorneys' fees related to defending claims asserted under 42 U.S.C. § 1983 (the "§ 1983 claim") and the Federal Trade Commission Act (the "FTCA claim"), and a claim styled as "Illegal and/or Unauthorized Distribution" (the "illegal distribution claim"); under (i) 42 U.S.C. § 1988(b), (ii) 28 U.S.C. §1927, and (iii) the Court's inherent powers.

## SUMMARY OF ARGUMENT

The Application should be denied.  The long-standing American Rule provides that "each litigant pays his own attorney's fees."  *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 382 (2013) (internal

---

[1] The "Application" refers to the Opening Brief of Bankruptcy Management Solutions, Inc. In Support of Motion for Attorneys' Fees [D.I. 63] ("Opening Br.").

quotation marks and citations omitted).  Fee-shifting is permitted by statute or a federal court's inherent powers only in certain *narrowly* defined circumstances.  None of the grounds asserted by Defendants, however, supports an award of attorneys' fees.  Defendants' request for joint and several liability is likewise meritless.  Defendants also fail to prove the requested fees are causally related to the alleged misconduct and are reasonable.

*First*, 42 U.S.C. § 1988(b) requires a party applying for attorneys' fees be "a prevailing party" who has obtained a judgment on the merits stamped with "the necessary judicial *imprimatur*."  *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 232 (3d Cir. 2011) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 599 (2001)) (emphasis in original).  Because Recovery Fund expressly forwent the § 1983 and FTCA claims at oral argument, and was silent on the illegal distribution claim, dismissal of those claims lacked the requisite "judicial sanction" to confer prevailing party status.  Moreover, because Plaintiff and Counsel acted in good faith, and their actions were not "frivolous, unreasonable, or without foundation," there is no basis to award attorneys' fees.  *Fox v. Vice*, 563 U.S. 826, 833 (2011).

*Second*, 28 U.S.C. § 1927 authorizes fee-shifting only against attorneys who "unreasonably and vexatiously" multiply the proceedings.  Shifting fees requires a finding of willful bad faith. Mere "misunderstanding, bad judgment, or well-intentioned zeal" do not come close to the egregious misconduct warranting fee-shifting.  *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009).  Recovery Fund and Counsel commenced the Litigation in good faith, and upon recognizing the risk that the challenged claims might be dismissed, promptly decided not to pursue them, expressly and by silence in briefing and at oral argument.

*Third*, fee-shifting under the Court's inherent powers must be exercised with restraint and caution," and "a finding of willful bad faith . . . is a prerequisite." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 181 (3d Cir. 2002).  As detailed herein, Recovery Fund and Counsel acted in good faith throughout the Litigation, and dismissal of certain claims does not establish bad faith.

*Fourth*, Defendants point to no authority supporting their theory for holding Recovery Fund and Counsel jointly and severally liable.  Because § 1988(b) expressly assesses attorneys' fees against a litigant, not its attorney, and § 1927 authorizes attorneys' fees against an attorney and not a party, the only possible basis for Defendants' joint and several liability assertion is the Court's inherent powers.  Regardless of the basis, fee-shifting requires a showing of extreme outrageous conduct in bad faith not present here.

*Fifth*, Defendants fail to show that the requested fees are causally related to the alleged misconduct and that the amount sought is reasonable.  Indeed, in Defendants' own words, a mere "modicum" of research was sufficient to address Plaintiff's claims at issue in the Application.[2]

## STATEMENT OF FACTS

Recovery Fund commenced the Litigation on December 21, 2018, asserting two claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and pleading in the alternative, eleven counts including the FTCA and illegal distribution claims.   (D.I. 1.)  Defendants moved to dismiss the initial complaint in its entirety on March 1, 2019 (D.I. 18; 21.), primarily arguing the complaint was barred by claim preclusion and/or issue preclusion because of the earlier Bankruptcy Court's rulings in the *Nexity* Bankruptcy proceedings.  (D.I. 18 at 5–6;

---

[2] *See* Opening Br. at 12.

D.I. 21 at 6–7.)  The motions devoted a nominal amount of attention to the FTCA and illegal distribution claims.[3]

In response, Recovery Fund filed the Amended Complaint on April 16, 2019 (D.I. 25), enhancing the factual allegations of the nature and operation of Defendants' fraudulent scheme and explaining that the *Nexity* Bankruptcy Court's ruling was limited to the narrow issue of the reasonableness of the "Banking and Technology Services Fees."  Believing in good faith that the Amended Complaint was adequately pled to overcome the hurdles of claim preclusion and issue preclusion, Recovery Fund and Counsel retained in the Amended Complaint most claims asserted in the initial complaint, including the FTCA and illegal distribution claims, and asserted additionally the § 1983 claim.

Defendants moved to dismiss the Amended Complaint in its entirety.  (D.I. 35; 38.) Defendants' arguments for dismissal concerning the FTCA and illegal distribution claims are substantively identical to those raised in their initial motions to dismiss.[4]  In the answering briefs, Recovery Fund briefed at length contentions concerning its strongest RICO claims and certain tort claims pled in the alternative.  (D.I. 42; 43.)  Recovery Fund did not address the FTCA and § 1983 claims, and spent less than one page out of two briefs on the illegal distribution claim.[5]  Defendants then filed reply briefs in which they acknowledged that Plaintiff did not brief the FTCA and § 1983 claims.  (D.I. 47 at 2; D.I. 48 at 2–3.)  In addition, *only* BMS and Kurtzman's reply brief addressed, in a single paragraph, the illegal distribution claim.  (D.I. 47 at 19.)

---

[3] BMS and Kurtzman's opening brief contained a one-paragraph argument covering both the FTCA and illegal distribution claims.  (D.I. 18 at 18–19.)  Rabobank used only one sentence for each of the FTCA and illegal distribution claims.  (D.I. 21 at 13, 15.)

[4] For BMS and Kurtzman's motion to dismiss, *compare* D.I. 35 at 23 *with* D.I. 18 at 18–19.  For Rabobank's motion to dismiss, *compare* D.I. 38 at 18–20 *with* D.I. 21 at 13, 15.

[5] *See* D.I. 42 at 24–25.

The motions to dismiss were referred to Magistrate Judge Hall on September 9, 2019. (D.I. 51.) The Court heard arguments on the motions to dismiss on December 10, 2019, during which Counsel expressed to the Court that Plaintiff would *dismiss* the FTCA and § 1983 claims.[6] At the oral argument, Counsel did not address the illegal distribution claim, and counsel for Rabobank mentioned it *only* once.[7] On January 31, 2020, Magistrate Judge Hall issued the Recommendation, granting Defendants' motions and dismissing all the claims on the threshold issue of issue preclusion and claim preclusion. (D.I. 60.) The Recommendation provided additional reasons for dismissal of each of the individual claims. It is those additional reasons for dismissing the § 1983, FTCA and illegal distribution claims upon which Defendants rely in their Application for attorneys' fees.

## ARGUMENT

## I.   THE AMERICAN RULE CREATES A STRONG PRESUMPTION THAT EACH PARTY BEARS ITS OWN COST

"Under the bedrock principle known as the American Rule, each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx*, 568 U.S. at 382.[8] One exception to the generally applicable American Rule arises when a statute authorizes an award of attorneys' fees. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2161 (2015). Defendants' Application relies on the statutory exceptions of 42 U.S.C. § 1988 and 28 U.S.C. §

---

[6] *See* Ex. A to Decl. of Jonathan M. Herman in Support of Motion of Defendant Bankruptcy Management Solutions, Inc. for Attorneys' Fees ("Herman Decl."), Transcript for the Oral Argument (Dec. 10, 2019) ("Transcript") at 62:6–15.

[7] *See id.* at 31:5–7.

[8] *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("'American Rule' prohibits fee shifting in most cases."); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–253 (2010); *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 231 (3d Cir. 2008); *Ford v. Temple Hosp.*, 790 F.2d 342, 346 (3d Cir. 1986).

1927.[9]  42 U.S.C. § 1988 "allows the prevailing party in civil rights litigation to recover counsel fees."  *Murphy v. Hous. Auth. & Urban Redevelopment Agency of City of Atl. City*, 158 F. Supp. 2d 438, 443 (D.N.J. 2001), *aff'd*, 51 F. App'x 82 (3d Cir. 2002).  28 U.S.C. § 1927 "provides that any attorney who vexatiously and unreasonably multiplies the proceedings in any case may be required by the court to satisfy the excess costs incurred because of such conduct personally."  *Id.*  In addition, "federal courts have inherent power to assess attorney's fees . . . in *narrowly defined* circumstances."  *Chambers*, 501 U.S. at 45 (internal quotation marks and citations omitted) (emphasis added).  Those "narrowly defined" exceptions include (i) the "common fund exception," (ii) a litigant's "willful disobedience of a court order," and (iii) situations where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Id.* at 45–46.

## II.   DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS' FEES UNDER 42 U.S.C. § 1988(B).

### A.   Defendants Are Not "Prevailing Parties" Within the Meaning of § 1988(b).

42 U.S.C. § 1988(b) grants federal courts the discretion to award "the prevailing party [on a § 1983 claim] . . . a reasonable attorney's fee."[10]  While a "prevailing party" may be either a plaintiff or defendant, "the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs."  *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157–58 (3d Cir. 2001).  A "prevailing party status" requires "material alteration of the legal relationship of the parties"[11] such as some type of "court-ordered

---

[9] *See* Opening Br. at 7–13.  *See also* Defendant Rabobank, National Association's Motion for Attorneys' Fees (joining arguments in the Opening Br.) [D.I. 65].

[10] *See also Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3d Cir. 1998) (The purpose of § 1988(b) "is to ensure effective access to the judicial process for persons with civil rights claims, and to encourage litigation to enforce the provisions of the civil rights acts and constitutional civil rights provisions").

[11] *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

"chang[e][in] the legal relationship between [the plaintiff] and the defendant." *Buckhannon*, 532 U.S. at 604. "[E]stablish[ing] prevailing party eligibility" requires "(1) a judgement (2) that was on the merits." *Singer*, 650 F.3d at 228. "[A] judicial pronouncement" unaccompanied by "judicial relief" is not a "merit-based" ruling that warrants fee shifting. *Farrar*, 506 U.S. at 112.

Thus, as a threshold matter, to seek attorneys' fees under § 1988(b), "a party must have been provided some relief from the court in order to be a *prevailing* party, and there cannot be an award of attorney fees where there is no *judicially sanctioned change* in the legal relationship of the parties." *Evans v. Chichester Sch. Dist.*, 2008 WL 4610240, at *2 (E.D. Pa. Oct. 15, 2008) (finding defendant not a prevailing party when plaintiff voluntarily withdrew claims during motion to dismiss hearing) (citing *Buckhannon*, 532 U.S. at 604–05) (emphasis added).

Courts within the Third Circuit have not found bad faith in situations analogous to that of *Evans*. In *Evans*, plaintiff brought statutory and constitutional claims, including a § 1983 claim, against multiple defendants including the Pennsylvania Office of Dispute Resolutions ("ODR"). At a motion to dismiss hearing, plaintiff's counsel agreed to withdraw all claims against ODR. After the court dismissed all claims against ODR with prejudice, ODR sought attorney fees under, *inter alia*, § 1988(b). The court analogized plaintiff's voluntary withdrawal of claims to a stipulated dismissal, finding that "[b]ecause Evans voluntarily withdrew all of her claims against ODR *before there was a judicially ordered change* in the legal relationship between the parties, ODR is not a prevailing party under § 1988." *Evans*, 2008 WL 4610240, at *3 (emphasis added).

In *Singer*, the Third Circuit reiterated the principle that "to make a prevailing-party claim under § 1988," a plaintiff must point to some "judicially sanctioned" change that alters the "legal relationship" between the parties. 650 F.3d at 228. The *Singer* court held that a temporary

restraining order—requiring only a showing of "*likelihood*" of success on the merits—was not a merit-based ruling that would "confer eligibility of prevailing party status."  *Id.* at 228–30.

Here, just like the plaintiff in *Evans*, Recovery Fund expressly withdrew its § 1983 and FTCA claims at oral argument, as recognized in the Recommendation's dismissal of those two claims.[12]  While Recovery Fund did not expressly withdraw its "illegal distribution claim," it minimally briefed the issue in its opposition and made *no* argument at the oral argument.  Recovery Fund's near-silence on the illegal distribution claim was functionally equivalent to withdrawing the illegal distribution claim.  By virtue of Recovery Fund's decision to withdraw those claims, the challenged claims were dismissed, but just as defendants in *Singer*, the absence of "the necessary judicial *imprimatur*"[13] renders Defendants not eligible for "prevailing party status" for attorneys' fees under § 1988(b).  Thus, as a threshold matter, Defendants are not prevailing parties on the merits required under § 1988(b) for award of attorneys' fees.[14]

## B.  Defendants Are Not Entitled to Attorneys' Fees Because Plaintiff Acted in Good Faith

Even where a party is found to be a prevailing party, a court may not award attorneys' fees unless "the plaintiff's action was frivolous, unreasonable, or without foundation."  *Fox*, 563 U.S. at 833.  Awarding attorneys' fees "simply because [plaintiffs] do not finally prevail would . . . undercut the efforts of Congress to promote the vigorous enforcement" of laws protecting civil rights.  *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422

---

[12] Recommendation at 14, 16–17.

[13] *Singer*, 650 F.3d at 232.

[14] In addition, because the Court relied on grounds of *res judicata* for dismissing the Litigation, its discussion of whether each individual count stated a claim was *dictum*.

(1978). Awarding counsel fees to a prevailing defendant in a civil rights claim is therefore a cautious exercise, for fear of its chilling effect on litigants' exercise of constitutional rights.[15]

As discussed in detail in Section III below, Recovery Fund and Counsel did not act frivolously, unreasonably or without foundation.[16] Recovery Fund may not have prevailed on those now-challenged claims, but its actions do not come close to punishable "frivolous, unreasonable, or without foundation" misconduct.

## III. DEFENDANTS ARE NOT ENTITLED TO FEE SHIFTING UNDER 23 U.S.C. § 1927.

### A. An Award of Attorneys' Fees Under § 1927 Applies to Limited Circumstances of Willful Bad Faith Conduct.

28 U.S.C. § 1927 provides a statutory ground for fee-shifting upon "a finding of willful bad faith" on the part of counsel. *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Fee-shifting under § 1927 is "intended to deter an attorney from *intentionally* and *unnecessarily* delaying judicial proceedings." *LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*, 287 F.3d 279, 288 (3d Cir. 2002) (emphasis added). It "requires a court to find an

---

[15] *Kutska v. California State Coll.*, 564 F.2d 108, 110–11 (3d Cir. 1977) (stating: awarding fees to a prevailing plaintiff "is the general rather than the exceptional practice," whereas awarding fees to a prevailing defendant is "markedly different" and should only occur in "certain extraordinary" circumstances).

[16] In bringing and prosecuting those clams, Recovery Fund and Counsel (i) believed in good faith in the potential viability of all claims, (ii) diligently pursued them, (iii) focused on their strongest claims in briefing and at oral argument, and (iv) upon recognizing the potential weakness of certain claims, promptly withdrew the § 1983, FTCA, and illegal distribution claims. *See supra*, Section III.

attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential*, 278 F.3d at 188.  The court may "refuse to award attorney's fees . . . [if doing so] would not serve the interest of justice."  *Baker Indus., Inc. v. Valley Fair*, 932 F.2d 204, 208–09 (3d Cir. 1985) (affirming imposition of fee-shifting under § 1927 upon counsel who failed to comply with court-approved stipulation not to challenge an arbitration award).

### B.   The Requisite "Willful Bad Faith" Standard For Fee Shifting Under 23 U.S.C. § 1927 Is Met Only In Extreme Cases

An award of fee-shifting under § 1927 for "bad faith" misconduct may be found "*only* in instances of a serious and studied disregard for the orderly process of justice."[17]  Before awarding "attorneys' fees and costs," "a finding of willful bad faith" is a prerequisite.  *Ford*, 790 F.2d at 347.[18]  Even conduct that results in "vexatious and unreasonable multiplication of proceedings" may not warrant fee shifting if accompanied not by bad faith, but rather by "misunderstanding, bad judgment, or well-intentioned zeal."  *Grider*, 580 F.3d at 142.

In only rare and extreme circumstances will the Court find the existence of "willful bad faith" misconduct so egregious as to warrant awarding fees.  For example, awarding attorneys' fees was found appropriate when counsel filed an action barred by *res judicata* as a result of dismissal of a prior action.  *Lewis v. Smith*, 480 F. App'x 696, 698 (3d Cir. 2012).  In addition, partial fees were awarded where plaintiff's counsel alleged "serious charges of misconduct

---

[17] *Ford*, 790 F.2d at 347–48 (internal quotation marks and citations omitted) (emphasis added) (reversing trial court's assessment of attorney's fees and finding that plaintiff's untimely filing of complaint did not constitute bad faith when plaintiff in good faith asserted "equitable defenses such as estoppel, waiver, or tolling").

[18] *See also Baker Indus.*, 932 F.2d at 208; *In re Prudential*, 278 F.3d at 188; *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980) (a finding of "bad faith" concerning either the filing or the prosecution of the litigation would have to precede any sanction against an attorney).

involving an alleged conspiracy by multiple attorneys" and continued to pursue "those accusations even after its receipt and review of [defendant's] counsel's unrebutted declarations." *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 231 F. Supp. 3d 19, 21–22 (D. Del. 2017). Bad faith was also found when counsel "filed numerous objections" to a non-appealable stipulation. *Baker Indus., Inc. v. Cerberus Ltd.*, 764 F.2d 204, 206 (3d Cir. 1985).

The Third Circuit's opinion in *Howe v. Litwack*, 579 F. App'x 110 (3d Cir. 2014) illustrates the egregious level of misconduct required for a finding of willful bad faith. In *Howe*, the plaintiff brought nine counts allegedly arising from a state court decision, including federal and New Jersey RICO claims, negligence, conspiracy, and unjust enrichment. The district court dismissed all claims and also denied defendants' motions for sanctions under Rule 11 and § 1927. The Third Circuit affirmed the dismissal, and also the denial of sanctions, noting that "[t]he mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a [Rule 11] violation," and that "[plaintiff]'s attorney did not act with the requisite bad faith for sanctions under § 1927." *Id.* at 115 & n.4 (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)). Misconduct that warrants fee-shifting requires the "willfulness" and "egregiousness" accompanying a finding of "bad faith." Counsel's actions in this Litigation do not even come close to that standard.

Defendants' cited authorities do not support their assertion that Counsel acted in bad faith. Those decisions either vacated a trial court's order to impose fees, or affirmed fee-shifting for conduct far more egregious and vexatious than the alleged misconduct here. Defendants have not cited a single case where a court shifted fees because a claim was dismissed at the pleading stage.

The cases cited by Defendants are inapposite.  Defendants cite *Grider*[19] for the proposition that conduct of "an egregious nature, stamped by bad faith" warrants fee-shifting.  In *Grider*, however, the Third Circuit *vacated* the district court's order that, *inter alia*, shifted fees under § 1927 for defendants' *discovery* violations, noting that the district court's conclusions lacked specificity as to each defendant's culpability.  580 F.3d at 141–45.  In *Creely v. Crestview Ctr.*,[20] the court awarded defendant's attorneys' fees and costs on the basis that the plaintiff's attorney (i) filed a second *identical* complaint after the court had already granted *summary judgment* for the defendants, while conceding the second complaint would be barred by *res judicata*, and (ii) in responding to motions for fees in both actions, simply "recycled" his arguments irrespective of significant substantive differences in the two motions.  241 F. App'x 58, 59–61 (3d Cir. 2007).  Similarly, *Murphy*,[21] a case in which the Third Circuit affirmed a grant of *summary judgment* to an employer and coworkers against claims brought by a white male employee and his wife, is dissimilar to the present Litigation.  *See Murphy v. Hous. Auth. & Urban Redevelopment Agency of City of Atl. City*, 32 F. Supp. 2d 753 (D.N.J. 1999), *aff'd*, 208 F.3d 206 (3d Cir. 2000).  The district court later awarded the employer and coworkers attorneys' fees and costs on the basis that, *inter alia*, "at the time Defendants' summary judgment motion was filed," (i) counsel's zeal "had more to do with the recovery of his counsel fees" than the merits of his clients' claims; (ii) counsel "continued to pursue th[e] lawsuit" after numerous notices of lack of legal foundation; and (iii) plaintiff failed to make a prima facie case *even with the benefit of full discovery*.  *Murphy*, 208 F. Supp. 2d at 446–51 (emphasis added).  Likewise, *Carlino*[22] affirmed sanctions imposed at

---

[19] *See* Opening Br. at 9 (citing *Grider*, 580 F.3d at 142).

[20] *Id.* 9.

[21] *Id.*

[22] *Id.*

*summary judgment* after the parties had engaged in substantial discovery and motion practice.[23]

*Carlino v. Gloucester City High Sch.*, 44 F. App'x 599, 601 (3d Cir. 2002).

### C.     Plaintiff's Counsel Acted In Good Faith

While fees may be awarded for egregious conduct under § 1927, fee-shifting is inappropriate if imposed "not because of any multiplicity of the proceedings or delaying tactics, but for failure to make a reasonably adequate inquiry into the facts and law before filing the lawsuit." *Zuk v. E. Pa. Psych. Inst. of Med. Coll. of Pa.*, 103 F.3d 294, 297 (3d Cir. 1996).

In *Zuk*, plaintiff and his counsel brought copyright infringement claims for defendant's use of certain films where plaintiff's copyrighted book contained transcripts of those films.  The district court dismissed plaintiff's claims, finding that "the copyright of the book afforded no protection to the films, that [defendant] owned the copies of the films in its possession and that their use was not an infringement, and that in any event, [plaintiff's] claims were barred by the statute of limitations." *Id.* at 296.  The district court then found plaintiff and his counsel "jointly and severally liable" for defense counsel fees of $15,000 under § 1927.  On appeal, the Third Circuit reversed the § 1927-based fee-shifting award, finding "the statute does not apply to the set of facts" and the record did not support a finding of "willful bad faith." *Id.* at 297–98.[24]

---

[23] While the objectionable conduct was the attorney's failure to promptly comply with the court's Order to Show Cause based in part, on § 1927, the basis for the district court's imposition of sanctions, and the Third Circuit Court of Appeals' affirmance, was Rule 11.  *Carlino*, 44 F. App'x at 601 ("[T]he sanctions were imposed under Rule 11(c)(1)(B).").

[24] Recovery Fund and Counsel here acknowledge that in *Zuk*, the Third Circuit upheld the portion of the district court's sanction based on Rule 11 for plaintiff's counsel's "faulty" legal research in the inquiry into the facts and the law concerning primarily the issues of "copyright law" and "the law of personal property." *Zuk*, 103 F.3d at 298–300.  An action sanctionable under Rule 11, however, does not require "willful violation of the rule." *Id.* at 299.  Here, Defendants did not move for Rule 11 sanctions.

Like plaintiff's counsel in *Zuk*, Counsel's zealous representation of Recovery Fund throughout the Litigation was in good faith, and dismissal of certain claims does not suggest bad faith that justifies fee-shifting.  Where counsel have acted in good faith, the Third Circuit has long cautioned that improper or frequent fee-shifting awards "may inhibit imaginative legal or factual approaches to applicable law or to unduly harness *good faith* calls for *reconsideration of settled doctrine*," and awarding fee shifting is inappropriate when "after reasonable legal research and adequate factual investigation, a party and counsel in good faith decide to *challenge existing law*." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987) (emphasis added).

Here, Plaintiff—in its briefing and at oral argument—focused on addressing the most difficult legal hurdles to its claims, *i.e.*, issue preclusion and claim preclusion, and forwent claims derivative and dependent upon the RICO claims.  (D.I. 42 & 43.)  Like the plaintiff in *Baldinger v. Cronin*, who voluntarily dismissed the defendant from a defamation suit upon learning that defendant was not the source of the defamatory statements,[25] Plaintiff here (i) did not brief Defendants' dismissal arguments concerning the § 1983 and FTCA claims, (ii) voluntarily dismissed those claims at oral argument, and (iii) did not advance any contention at oral argument regarding Defendants' argument that "[t]here is no such claim as unauthorized distribution."[26] Unlike the extreme situations where a litigant vexatiously pursues known implausible claims after discovery, Counsel here timely advised Defendants and the Court not to expend further judicial efforts on the challenged claims, even though Counsel had filed those claims in good faith.

[25] *Baldinger v. Cronin*, 535 F. App'x 78 (3d Cir. 2013).
[26] Transcript at 31:5-6.

14

## IV.  DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS' FEES UNDER THE COURT'S INHERENT AUTHORITY.

Recognizing that "a represented party cannot be punished under § 1927,"[27] Defendants argue, in the alternative, that an assessment of attorneys' fees as against Recovery Fund would be appropriate under the court's inherent power.  That argument fails.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).  "[R]esort[ing] to those inherent powers," however, "is not preferred" when "statutory or rules-based sanctions are entirely adequate."  *In re Prudential*, 278 F.3d at 189.[28]  Even where the Court's inherent powers are invoked to award fees and costs, it "must be exercised with restraint and discretion"[29] and "a finding of willful bad faith . . . is a prerequisite."  *In re Prudential*, 278 F.3d at 181.

As discussed above, Recovery Fund and Counsel acted in good faith throughout the Litigation.[30]  Absent a finding of "bad faith," the Court's inherent power should not be exercised to award attorneys' fees as against Recovery Fund.

---

[27] *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1190 (3d Cir. 1989).

[28] *See also Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995) (cautioning that "inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists").

[29] *Chambers*, 501 U.S. at 44.

[30] Recovery Fund and Counsel acted in good faith in bringing and prosecuting the claims in the Litigation, including (i) pleading alternative theories for relief, (ii) focusing on the strongest arguments during the briefing and oral argument, and (iii) voluntarily dismissing at oral argument the § 1983 and FTCA claims, and making no further argument to address the illegal distribution claim.  *See supra*, Section III.

## V.   THERE IS NO JOINT AND SEVERAL LIABILITY BETWEEN RECOVERY FUND AND COUNSEL

Defendants assert—on four occasions, each time in conclusory fashion—that Recovery Fund and Counsel should be jointly and severally liable for attorneys' fees.[31]  Yet Defendants do not and cannot cite any case to support this theory.[32]

Under § 1988, an award of attorneys' fees to a prevailing party is assessed against the litigant, not its attorneys.  In fact, "[f]or purposes of [§ 1988], a party is considered responsible for the conduct of counsel, and attorneys' fees, if awarded, are assessed against the plaintiff rather than against counsel." *Brown v. Fairleigh Dickinson Univ.*, 560 F. Supp. 391, 407 (D.N.J. 1983), *accord Prate v. Freedman*, 583 F.2d 42, 48 (2d Cir. 1978) ("Whether or not appellees' reliance on their attorneys' judgment was misplaced, they are legally responsible for the filing of these actions.").  By contrast, § 1927 "is designed to discipline counsel only and does not authorize imposition of sanctions on the attorney's client." *Zuk*, 103 F.3d at 297 (reversing trial court's order holding plaintiff and his counsel jointly and severally liable).[33]  Thus, § 1988 and § 1927 do not provide bases for Defendants' joint and several liability theory.  While the Court's inherent powers

---

[31] *See* Opening Br. at 2, 4, 13, 14.

[32] As discussed above and to be discussed below, as a threshold matter, there is no bad faith on the part of Recovery Fund and Counsel that warrants fee-shifting under the court's statutory power or inherent powers.  *See supra*, Sections II, III, and V.

[33] *See, e.g.*, *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1190 (3d Cir. 1989) (finding "district court's imposition of attorneys' fees against [plaintiff] under § 1927 constitutes error as a matter of law . . . 'by its terms [§ 1927] is not directed to parties'") (quoting *Gaiardo*, 835 F.2d at 484) (alteration in original); *Loftus v. Se. Pa. Transp. Auth.*, 8 F. Supp. 2d 458, 461 (E.D. Pa. 1998) ("Under § 1927, sanctions are directed at the offending attorney and may not be imposed upon the client.") (imposing § 1927 costs on plaintiff's counsel for continuing litigation after decision by Third Circuit rendered that litigation frivolous, and notwithstanding having been previously disciplined in a different matter for the same conduct), *aff'd*, 187 F.3d 626 (3d Cir. 1999).

may permit fee assessment against counsel and/or its client,[34] a finding of bad faith *must* precede any imposition of fee-shifting and liability upon the counsel and client.[35]  As discussed in Section III, Recovery Fund and Counsel acted in good faith so that fee-shifting and joint and several liability should not be imposed under the Court's inherent powers.

## VI.   DEFENDANTS HAVE NOT PROVEN THE CAUSAL CONNECTION OR THE REASONABLENESS OF THE REQUESTED FEES

### A.   Attorneys' Fees Must be Shown as Causally Related to the Alleged Bad Faith Conduct and as Reasonable.

When awarding attorneys' fees and costs, courts within the Third Circuit use the "lodestar" method.  *See Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).  The party seeking attorney's fees bears the burden of showing that the requested fee is reasonable by "submit[ting] evidence supporting the hours worked and rates claimed."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[36]  The calculated "lodestar amount" should be deducted by hours not adequately supported by documentation, or not "reasonably expended."  *Id.*[37]  In assessing the reasonableness of the fees requested, the court should also consider the staffing of the case, the skills and

---

[34] *Johnson v. Med. Coll. of Pa.*, 1988 WL 54047, at *1 (E.D. Pa. May 23, 1988) (under the court's inherent powers, "[t]he court can assess sanctions for bad faith against plaintiff's counsel and/or plaintiff individually" (citing *Ford*, 790 F.2d at 346)).

[35] *Id.* (while not awarding fees under § 1927, the court held counsel and its client jointly and severally liable under its inherent powers for counsel's refusal to sign an agreed-to stipulation to dismiss the defendant); *see also Trauma Serv. Grp., P.C. v. Hunter, MacLean, Exley & Dunn, P.C.*, 2000 WL 764911, at *3 (E.D. Pa. June 12, 2000) (holding counsel and his client jointly and severally liable for bringing baseless malpractice suit).

[36] *See also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

[37] *See, e.g.*, *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005) (a fee applicant bears the burden of documenting the applicable hourly rate); *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997) ("[A] district court may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather must rely upon the record." (quotation marks and citation omitted) (alteration in original)).

experiences of lawyers.  *Id.* at 434.[38]  Furthermore, whether attorneys' fees are sought pursuant to statutes or the court's inherent power, the fees must be causally related to the actual fees and costs incurred.[39]  Thereafter, the party opposing the fee application may challenge, "by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode*, 892 F.2d at 1183.  As explained below, Defendants have not identified the fees they seek with sufficient particularity.[40]

### B.   Defendants' Application Fails to Show a Causal Connection to or the Reasonableness of their Requested Attorneys' Fees

Defendants provide no methodology or calculation establishing with appropriate particularity the causation and reasonableness of their requested fees.  Defendants have not shown how, or in what amount, they incurred fees because of the alleged misconduct, "or put another way," "the fees [they] would not have incurred but for the bad faith."  *Goodyear*, 137 S. Ct. at 1184.  Defendants' proportioning is also unsupported because counsel for BMS and Kurtzman and counsel for Rabobank concededly coordinated their work,[41] but, as discussed below, have provided no information specifying how such coordination occurred.

---

[38] *See also Smith*, 107 F.3d at 225 ("The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case.")

[39] *See, e.g.*, *Goodyear*, 137 S. Ct. at 1186 (award of attorneys' fees under federal courts' inherent power "must be compensatory rather than punitive in nature" and there must be "a causal link between the litigant's misbehavior and legal fees paid by the opposing party"); *In re Prudential*, 278 F.3d at 188 ("[S]anctions that are imposed under § 1927 *must only* impose costs and expenses that result from the particular misconduct." (emphasis added)).

[40] As discussed above, Defendants cannot establish as a threshold matter that Recovery Fund and Counsel acted in bad faith.  Even assuming, *arguendo*, there is a finding of bad faith, Defendants have failed to prove their requested attorneys' fees with the requisite particularity.

[41] *See* Ex. B to Herman Decl.  The following entries are some examples illustrating the coordination of work between BMS and Rabobank: 1/8/19 J. Herman entry; 2/25/19 J. Herman entry; 2/27/19 J. Herman entry; 5/28/19 J. Herman entry; 5/30/19 J. Herman entry.

As an initial matter, Rabobank's counsel, Davis Wright Tremaine LLP ("DWT") redacted entirely all descriptions of work performed, thus failing to document Rabobank's fee application and making it impossible for Recovery Fund and Counsel to challenge the application.[42]  For that reason alone, Rabobank's fee application should be denied.  DWT's attempt to "guesstimate" its fees devoted to the challenged claims also is unreasonable because, among other things, Dorsey & Whitney ("D&W"), counsel for BMS, concededly coordinated its work with DWT; and, unlike DWT, D&W documented at least some work devoted to the challenged claims.[43]

BMS also failed to provide evidentiary support for its application.  In cookie cutter fashion, BMS simply divided D&W's fees by the number of claims alleged by Recovery Fund, without specifically accounting for each claim's complexity and the actual time attorneys expended thereon.[44]  That approach "whereby a [party] simply 'compar[es] the total number of issues in the case with those actually prevailed on' has been expressly rejected by the Supreme Court, which recognized that '[s]uch a ratio provides little aid in determining' a reasonable fee since it is not 'necessarily significant that a prevailing plaintiff did not receive all the relief requested.'" *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 151 (3d Cir. 2009) (quoting *Hensley*, 461 U.S. at 435 n. 11).[45]  The unreasonableness of BMS' approach is further demonstrated by its own

---

[42] Ex. B to Decl. of John M. Magliery In Support of Defendant Rabobank, National Association's Motion for Attorneys' Fees ("Magliery Decl.").  [D.I. 66].

[43] *See* Ex. B to Herman Decl., Ex. B to Magliery Decl.

[44] Opening Br. at 14–16.

[45] *See also Robles v. U.S. Envtl. Universal Servs., Inc.*, 2012 WL 1033040, at *1–3 (D.N.J. Mar. 26, 2012) (reducing the attorneys' fees related to claims withdrawn by two of the plaintiffs after the close of discovery but before adjudication on the merits).

statement that "a modicum of legal research"[46] would have been sufficient to show the challenged claims were not viable.[47]

D&W also engaged in block billing, which in itself is inadequate for awarding fees for discrete claims.[48]  To the extent BMS is pursuing fees for general work performed in support of several or all claims, that is an illegitimate attempt to shift fees regarding claims BMS has not even suggested were made in bad faith.  The Court noted that "Plaintiff's claims all converge on a single wrong" and that "[a]ll of Plaintiff's claims rely upon its assertions that the fee violated the Bankruptcy Code . . . ."[49]  The central focus of the Amended Complaint was its RICO claim, which is borne out both by D&W's line entries and by the prominence given to that claim by all parties in their briefing.  Defendants have never suggested that Plaintiff's RICO claim was brought in bad faith or without any basis.  Moreover, like Recovery Fund, Defendants each devoted substantial attention to certain defenses applicable to all claim, such as *res judicata*.

## CONCLUSION

For the reasons stated above, Defendants' Motions for Attorneys' Fees should be denied.

---

[46] Opening Br. at 12.

[47] Defendants' "modicum of legal research" is also reflected by the fact that they used just two pages of their respective opening briefs to discuss the three challenged claims.

[48] D&W did at least provide sufficient detail in its bills to identify dates on which attorneys did *any work at all* on certain of the discrete claims in question.  *See, e.g.*, 4/16/19 J. Herman; 4/17/19 J. Colangelo-Bryan; 4/17/19 J. Herman; 4/18/19 J. Colangelo-Bryan; 4/22 J. Colangelo-Bryan; 4/23/19 J. Colangelo-Bryan; 5/6/19 K. Frumkin.  However, even the sum total of fees for all work performed by these attorneys on these dates is only $18,179, without subtracting work performed on several other more complicated tasks.

[49] Recommendation at 9.

**PRICKETT, JONES & ELLIOTT, P.A.**

**OF COUNSEL:**

/s/ Samuel L. Closic
Bruce E. Jameson (#2931)
Kevin H. Davenport (#5327)
Samuel L. Closic (#5468)
1310 N. King Street
Wilmington, DE 19801
(302) 888-6500
bejameson@prickett.com
khdavenport@prickett.com
slclosic@prickett.com

**STERN & EISENBERG PC**
Steven K. Eisenberg, Esquire
Evan Barenbaum, Esquire
1581 Main Street, Suite 200
Warrington, PA 19876
(215) 575-5025

Dated: March 31, 2020

*Attorneys for Plaintiff*

21