# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RECOVERY FUND II USA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-2039-MN-JLH |
| | ) |
| RABOBANK, NATIONAL ASSOCIATION, | ) |
| BANKRUPTCY MANAGEMENT | ) |
| SOLUTIONS, INC., ERIC KURTZMAN, | ) |
| BMANSOL HOLDINGS LP, BMANSOL | ) |
| INTERMEDIATE HOLDINGS INC., | ) |
| UTRECHT – AMERICA HOLDINGS, INC., | ) |
| STONE POINT CAPITAL, LLC, ABC | ) |
| COMPANIES 1-10, AND JOHN and JANE | ) |
| DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Pending before the Court are Defendant Bankruptcy Management Solutions, Inc.'s ("BMS") and Defendant Rabobank, National Association's ("Rabobank") (collectively, "Defendants") motions for attorney's fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and this Court's inherent authority. For the reasons stated in more detail below, I recommend that Defendants' motions be GRANTED-IN-PART and DENIED-IN-PART.

**I.   BACKGROUND**

Plaintiff Recovery Fund II USA LLC ("Plaintiff" or "Recovery Fund") filed its class action Complaint against Defendants on December 21, 2018. (D.I. 1.) On March 1, 2019, Defendants filed motions to dismiss for failure to state a claim and lack of subject matter jurisdiction. (D.I. 17; D.I. 20). Instead of responding to those motions, on April 16, 2019, Recovery Fund filed an Amended Complaint that named additional defendants and asserted additional claims. (D.I. 25.) The Amended Complaint set forth eleven claims: Conspiracy to Commit Violations of the Federal

Racketeer Influenced and Corruption Organizations Act ("RICO") (Count I); RICO – Commission of Wire Fraud and Mail Fraud 18 U.S.C. §§ 1341, 1343 (Count II); RICO – Commission of Embezzlement Against the Bankruptcy Estate 18 U.S.C. § 153 (Count III); Right to Priority Payment for Proof of Claim 42 U.S.C. § 1983, 11 U.S.C. § 726 (Count IV); Fraud (Count V); Constructive Fraud (Count VI); Conspiracy (Count VII); Negligent Misrepresentation (Count VIII); Illegal and/or Unauthorized Distribution (Count IX); Violation of Federal Trade Commission Act Section 5: Unfair or Deceptive Acts or Practices (Count X); and Unjust Enrichment (Count XI).

On May 31, 2019, Defendants Rabobank, BMS, and Kurtzman filed motions to dismiss all claims of the Amended Complaint for failure to state a claim. (D.I. 34, 37.) Among other things, Defendants argued that they could not be sued under 42 U.S.C. § 1983 (Count IV) because they are private parties, not state actors. (D.I. 35 at 19-20; D.I. 38 at 18-19.) Defendants also argued that there was no legal basis for the "illegal and/or unauthorized distribution" claim (Count IX). (D.I. 35 at 23; D.I. 38 at 19-20.) In addition, Defendants argued that they could not be sued under Section 5 of the Federal Trade Commission Act (Count X) because that statute does not provide a private right of action. (D.I. 35 at 23; D.I. 38 at 18.) Recovery Fund's answering briefs did not address Defendants' arguments regarding the § 1983 and Federal Trade Commission Act claims. (D.I. 42; D.I. 43.)

On September 9, 2019, the case was referred to me. (D.I. 51.) I heard oral argument on the motions to dismiss on December 10, 2019 ("Tr._"). During the hearing, I asked Plaintiff's counsel about the § 1983 and Federal Trade Commission Act claims:

> THE COURT: . . . Your FTC claim?
>
> PLAINTIFF'S COUNSEL: We are not pursuing that.

| | |
|---|---|
| THE COURT: | So you will agree to dismiss that claim? |
| PLAINTIFF'S COUNSEL: | We will agree to dismiss that claim. |
| THE COURT: | What about your 1983 claim? |
| PLAINTIFF'S COUNSEL: | We would agree to dismiss our 1983 claim. |

(Tr. 62:6-15.) Plaintiff did not file a motion or stipulation to dismiss either claim.

On January 31, 2020, I issued a Report and Recommendation concluding that Defendants' motions to dismiss should be granted and that all eleven counts in the Amended Complaint should be dismissed with prejudice. (D.I. 60.) Specifically, I concluded that all eleven counts were barred by claim preclusion and that each of the individual counts failed to state a claim. (*Id.*) I concluded that the § 1983 claim was "frivolous," and should therefore be dismissed, because "Defendants are not state actors, and they were not acting under color of state law." (D.I. 60 at 14.) I also concluded that there was no cause of action for "illegal and/or unauthorized distribution," and that "[t]here is no private right of action under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45." (*Id.* at 16-17.) Neither party objected to my Report and Recommendation. Judge Noreika adopted it on February 18, 2020 and entered an Order dismissing the Amended Complaint "with prejudice." (D.I. 61.)

On March 3, 2020, Defendants BMS and Rabobank filed motions for attorney's fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and the Court's inherent authority. (D.I. 62; D.I. 65.) Defendants' motions seek reimbursement for the time their attorneys spent defending against Recovery Fund's § 1983 claim, its "illegal and/or unauthorized distribution" claim, and its Federal Trade Commission Act claim. The motions have been fully briefed. (D.I. 63; D.I. 69; D.I. 70; D.I. 71.)

## II. LEGAL STANDARDS

"The general rule of law, known as the 'American Rule', is that each party to a lawsuit bears its own attorneys' fees." *Ford v. Temple Hosp.*, 790 F.2d 342, 346 (3d Cir. 1986). As with any general rule, there are exceptions. *Id.* Courts may shift fees to the opposing side pursuant to a federal statute or the court's inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991); *Ford*, 790 F.2d at 346.

Federal Rule of Civil Procedure 54(d)(2) allows a litigant to file a motion for attorney's fees after entry of judgement. Fed. R. Civ. P. 54(d)(2). The motion must, among other things, "specify . . . the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii).

Section 1988 of Title 42 permits a court, in its discretion, to award a "reasonable attorney's fee" to the "prevailing party" in a case brought under § 1983. 42 U.S.C. § 1988(b); *see also Fox v. Vice*, 563 U.S. 826, 832-33 (2011). "The 'prevailing party' can be either the plaintiff or the defendant but the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157–58 (3d Cir. 2001). The court may award fees to the prevailing defendant only "if the plaintiff's complaint was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it was found so." *Beam v. Downey*, 151 F. App'x 142, 143 (3d Cir. 2005); *Barnes Found.*, 242 F.3d at 158. That standard is objective. *Barnes Found.*, 242 F.3d at 158. No showing of subjective bad faith on the part of the plaintiff is required. *Id.*; *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990). The Third Circuit has set forth several "guidelines" that may assist in determining whether a § 1983 claim is objectively frivolous, "including whether the plaintiff established a prima facie case, the defendant offered to settle, the

trial court dismissed the case prior to trial, and the issue is one of first impression." *Arneault v. O'Toole*, 718 F. App'x 148, 152 (3d Cir. 2017).

Another statutory basis to award attorney's fees is 28 U.S.C. § 1927. Pursuant to that statute, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Attorney's fees under § 1927 should only be awarded "'in instances of a serious and studied disregard for the orderly process of justice.'" *Ford*, 790 F.2d at 347 (quoting *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)). A showing of "willful bad faith on the part of the offending lawyer" is required. *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991); *see also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002); *NOVA Chemicals Corp. v. Dow Chem. Co.*, No. 13-1601, 2015 WL 5766257, at *4 (D. Del. Sept. 30, 2015), *aff'd sub nom. Nova Chemicals Corp. (Canada) v. Dow Chem. Co.*, 856 F.3d 1012 (Fed. Cir. 2017). Indications of bad faith "'are findings that the claims were meritless, that counsel knew or should have known this, and that the motive for filing suit was for an improper purpose such as harassment.'" *In re Prudential*, 278 F.3d 175 at 188 (quoting *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed. of Teachers, AFL–CIO*, 829 F.2d 1370, 1375 (6th Cir.1987)). "Once a finding of bad faith has been made, the appropriateness of assessing attorneys' fees against counsel under section 1927 is a matter for the district court's discretion." *Ford*, 790 F.2d at 347.

Federal courts also have inherent power to assess attorney's fees against a party where it "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers*, 501 U.S. at 45–46 (quoting *Aleyska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975));

*see also Landon v. Hunt*, 938 F.2d 450, 454 (3d Cir. 1991).  A "prerequisite" for the exercise of that power "is a finding of bad faith conduct."  *Landon*, 938 F.2d at 454.

## III.  DISCUSSION

Defendants BMS and Rabobank request reimbursement for attorney's fees pursuant to 28 U.S.C. § 1927, 42 U.S.C. § 1988, and the Court's inherent authority.  For the reasons discussed below, I conclude that attorney's fees are warranted only under 42 U.S.C. § 1988.

### A.  Attorney's fees under 42 U.S.C. § 1988

As explained above, 42 U.S.C. § 1988 permits fee shifting to a prevailing defendant in a § 1983 case where the plaintiff's complaint is objectively frivolous.  *Barnes Found.*, 242 F.3d at 158.

Defendants point out that my January 31, 2020 Report and Recommendation (D.I. 60) already concluded that Plaintiff's § 1983 claim was frivolous.  They are right.  In addition, several of the "guidelines" used in the Third Circuit to assess frivolousness are present here: Plaintiff's Amended Complaint did not establish a prima facie violation of § 1983; the Court dismissed the claim prior to trial; and there were no issues of first impression.  *See Arneault*, 718 F. App'x at 152.

In response to Defendants' motions for fees, Plaintiff makes no attempt to defend its § 1983 claim on the merits, nor does it contend that it asserted the claim with the intention of arguing for an extension in the law.  Plaintiff instead argues that Defendants were not "prevailing parties" within the meaning of 42 U.S.C. § 1988 because Plaintiff "expressly withdrew its § 1983 and [Federal Trade Commission Act] claims at oral argument."  (D.I. 69 at 6-8.)

I disagree.  Dismissal of a claim can be accomplished by filing a notice or stipulation of dismissal, or by obtaining a court order.  *See* Fed. R. Civ. P. 41.  A request for a court order must

be made by motion, either written or orally at a hearing.  *Id.*; Fed. R. Civ. P. 7(b); D. Del. LR 7.1.  Here, although Plaintiff indicated at the hearing on the motions to dismiss that it did not intend to pursue the § 1983 claim, it never moved the Court to dismiss it.  Plaintiff's § 1983 claim remained pending at the time I issued my opinion recommending it be dismissed.  It was still pending when the Court adopted my Report and Recommendation.  (D.I. 61.)  It was not dismissed until February 18, 2020, when the Court granted Defendants' motions to dismiss.  (*Id.*)

Plaintiff cites *Evans v. Chichester Sch. Dist.*, No. 07-72, 2008 WL 4610240, at *2 (E.D. Pa. Oct. 15, 2008) in support of its position that Defendants were not prevailing parties, but I am not persuaded.  In *Evans*, the Court found that a plaintiff's "voluntary withdrawal" of claims during a hearing was "akin to a voluntary stipulation to dismiss" that occurred "before there was a judicially ordered change in the legal relationship of the parties." *Id.* at *3.  Here, in contrast, I conclude that Plaintiff did not request that the Court dismiss its § 1983 claims before they were dismissed with prejudice in response to Defendants' motions.

Moreover, subsequent to *Evans*, the Supreme Court held that the "judicially sanctioned change in the legal relationship of the parties" test is not the appropriate test to determine whether a defendant is a prevailing party.  *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651–52 (2016).  Rather, a defendant may be considered a "prevailing party" when the court dismisses a plaintiff's frivolous claim.  *Id.*  That happened here.  Indeed, the circumstances here are similar to those in *Fox v. Vice*, another Supreme Court case post-*Evans*.  *Fox*, 563 U.S. 826 at 830.  In *Fox*, the Supreme Court held that the defendant in a frivolous § 1983 case was entitled to fees under § 1988 notwithstanding plaintiff's concession in his response to defendant's summary judgment motion that his § 1983 claims were "not valid." *Fox*, 563 U.S. at 830; *see also id.*, 594

7

F.3d 423 (5th Cir. 2010) (holding that defendant was prevailing party where plaintiff abandoned frivolous § 1983 claim after defendant filed a motion for summary judgment).[1]

Plaintiff also argues that awarding fees to Defendants could "'undercut the efforts of Congress to promote the vigorous enforcement' of laws protecting civil rights" by deterring litigants from filing claims in "exercise of [their] constitutional rights." (D.I. 69 at 8-9 (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)). That argument is not well taken under the circumstances.

Let me rehash: Plaintiff is a limited liability company that purchased a claim in a bankruptcy case. (D.I. 60 at 3.) Defendants are private companies that provided banking and technology services to the bankruptcy trustee in that case. (*Id.* at 1.) Plaintiff objected in the bankruptcy case to the trustee's disbursement of fees to Defendants, and the bankruptcy court overruled the objection. (*Id.* at 5-8.) Instead of appealing the bankruptcy court's determination, Plaintiff—who is represented by counsel—filed a complaint in district court alleging, among other things, a violation of 42 U.S.C. § 1983. Section 1983 is a civil rights statute that allows people to sue state and local government actors for civil rights violations. The Court dismissed Plaintiff's § 1983 claim because Defendants are not government actors, and they were not acting under color of state law.

I fail to see how awarding fees to Defendants under these circumstances will have a chilling effect on litigants' exercise of constitutional rights. This is not a case where some evidence or law supports Plaintiff's position. Nor do I conclude that the action was unreasonable for the sole reason

---

[1] The remainder of the cases cited by Plaintiff are inapposite. Those cases all concern the test for determining whether a plaintiff is a prevailing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001); *Farrar v. Hobby*, 506 U.S. 103 (1992); *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223 (3d Cir. 2011).

that Plaintiff did not prevail. *See Christiansburg Garment Co.*, 434 U.S. at 421–22 ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."). Plaintiff's § 1983 claim was frivolous, not because Plaintiff lost, but because the claim lacked any conceivable basis in law or fact.

Accordingly, attorney's fees should be awarded to reimburse Defendants for defending against the § 1983 claim.

### B.    Attorney's fees under § 1927 and the Court's inherent authority

Unlike under 42 U.S.C. § 1988, an award of attorney's fees under either 28 U.S.C. § 1927 or the inherent authority of the court is only appropriate where there is a showing of bad faith conduct. *Hackman*, 932 F.2d at 242; *Landon*, 938 F.2d at 454.

The record before me does not support a finding of bad faith on the part of Plaintiff or its counsel. Recovery Fund's assertion of its § 1983, Federal Trade Commission Act, and illegal distribution claims might suggest a mistake in professional judgment and/or a failure to conduct adequate legal research, but the record does not demonstrate bad faith conduct. *See LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*, 287 F.3d 279, 289 (3d Cir. 2002) ("[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal."); *Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*, 103 F.3d 294, 297 (3d Cir. 1996) (vacating an award of attorney's fees under § 1927 where the district court found that counsel failed to

adequately inquire into the facts and law before filing a complaint, but there was no express finding of bad faith).

Moreover, even if I agreed with Defendants that Plaintiff and/or its counsel acted in bad faith, I would nevertheless recommend that the court exercise its discretion to not award attorney's fees under 28 U.S.C. § 1927 or its inherent power. *See Ford*, 790 F.2d at 347 (holding that courts have discretion to not award attorney's fees even when bad faith is found). In my view, the conduct here does not rise to the level of egregious conduct found in other cases where courts have awarded fees. *See, e.g., W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 231 F. Supp. 3d 19, 23 (D. Del. 2017) (concluding that a party's "aggressive" pursuit of a motion for sanctions containing "potentially career-ending allegations" after being presented with unrebutted evidence demonstrating the motion's lack of merit constituted bad faith conduct warranting an award of fees pursuant to 28 U.S.C. § 1927 and the court's inherent authority); *see also King v. Burr*, No. 19-2205, 2020 WL 864146, at *2 (3d Cir. Feb. 21, 2020) (awarding fees under § 1927 where an attorney "made a practice of repeatedly bringing meritless claims, inflicting substantial costs on the opposing party and the judicial system" after concluding that his "conduct is the very essence of bad faith and falls well outside the bounds of recognized standards for conducting litigation"); *In re Prudential*, 278 F.3d at 190 (affirming fees under § 1927 where counsel filed numerous baseless emergency motions with the court, including a motion to recuse the trial judge that contained false allegations). Moreover, while Plaintiff never actually moved for dismissal of its claims under 42 U.S.C. § 1983

and Section 5 of the Federal Trade Commission Act, it did not press those claims or its "illegal and/or unauthorized distribution" claim at oral argument.

Accordingly, I recommend that the Court exercise its discretion to not award fees under 28 U.S.C. § 1927 or its inherent power.

### C.     Amount of fee award

I conclude that attorney's fees should be awarded only under 42 U.S.C. § 1988. Under § 1988, Defendants are entitled to only those fees incurred "because of, but only because of" Plaintiff's frivolous § 1983 claim. *Fox*, 563 U.S. at 836. Pursuant to § 1988, those fees should be levied against Recovery Fund, not its attorneys. *Brown*, 903 F.2d at 277.

I turn now to the calculation of the appropriate fee amount. The burden of producing documentation supporting the amount of fees is on the fee applicant. *See Fox*, 563 U.S. at 838. But, as the Supreme Court has emphasized,

> trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Id.*

Here, BMS requests a total of $66,800 in attorney's fees for the collective time its attorneys spent defending the § 1983 claim, the Federal Trade Commission Act claim, and the "illegal and/or unauthorized distribution" claim. (D.I. 63 at 16; D.I. 64.) It calculated that amount as follows. First, it totaled its counsel's billing records for the time spent working on the briefs in support of its two motions to dismiss, which came to $534,387.50. The billing records, which BMS submitted to the Court, set forth the number of estimated hours worked by each attorney on the briefing, and the billing rate of each. (D.I. 63 at 15; D.I. 64 ¶ 4.) *See Interfaith Cmty. Org. v. Honeywell Int'l,*

*Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005), *as amended* (Nov. 10, 2005). BMS did not include the time its counsel spent preparing for oral argument or on other case tasks. (D.I. 63 at 15; D.I. 64 ¶ 4.) BMS also submitted evidence in support of the reasonableness of its attorneys' billing rates. (D.I. 63 at 17; D.I. 64 ¶ 5, Ex. C, D.) BMS then estimated that half of its counsel's briefing efforts were devoted to defenses applicable to all twelve of Plaintiff's asserted claims. Accordingly, it divided that total in half. It then divided the resulting number by four, reasoning that it was entitled to fees for three out of the twelve (or one fourth) of the total claims asserted by Plaintiff between the two complaints.

I find that BMS's general approach is sufficient to provide the "rough justice" required by the Supreme Court. *Fox*, 563 U.S. at 838. However, BMS should only be awarded fees incurred because of, but only because of, its defense of the § 1983 claim. Accordingly, taking BMS's approach, its requested fees should be further divided by three. In addition, the § 1983 claim was asserted only in the Amended Complaint, not the original Complaint. Which means that BMS only addressed it in its second motion to dismiss, not its first. Accordingly, and in line with BMS's approach, the total should be reduced again by approximately one half.[2] That comes to a fee award of $11,133.00.

Plaintiff does not challenge the reasonableness of the hourly rates of BMS's attorneys, nor does Plaintiff suggest that BMS's attorneys did not work the hours they say they did. Rather, Plaintiff argues that BMS's approach to estimating its fees runs afoul of the Third Circuit's opinion in *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143 (3d Cir. 2009). I disagree. That case

---

[2] Review of counsel's billing records suggests that they may have spent slightly more time on BMS's second motion to dismiss, which might have been because BMS also filed a reply brief in support of that motion. However, BMS's reply brief only mentioned the § 1983 claim briefly, pointing out that "Plaintiff fail[ed] to offer any argument in support of its 42 U.S.C. § 1983 claim (IV)." (D.I. 47 at 2.)

concerned how to calculate attorneys fees incurred by a prevailing plaintiff. There, the Third Circuit pointed out that "an analysis whereby a court simply compares the total number of issues in the case with those actually prevailed on has been expressly rejected by the Supreme Court, which recognized that such a ratio provides little aid in determining a reasonable fee since it is not necessarily significant that a prevailing plaintiff did not receive all the relief requested." *Id.* at 152. That observation has limited applicability in a case like this one, where the defendants are the prevailing parties. Moreover, BMS's proposed methodology is consistent with the observation in *McCutcheon* that dividing the total fees by the number of claims is inappropriate where there is "substantial overlap" between multiple claims. *Id.* at 151. Here, BMS's methodology accounted for any overlap by halving the total fees at the outset.

Defendant Rabobank used the same approach to estimating fees as BMS: it divided the fees incurred for briefing the motions to dismiss by two (to account for overlap), and then it divided that number by four (because it only requested fees for three out of the twelve claims). (D.I. 66 ¶¶ 3-5, 7 (estimating that that its counsel spent 12.5% of its billed time on briefing the § 1983 claim, the Federal Trade Commission Act claim, and the "illegal and/or unauthorized distribution" claim); D.I. 67 ¶¶ 3-5.) Rabobank also submitted records showing the number of estimated hours worked by its attorneys on the briefing, and the billing rate of each. (D.I. 66 ¶ 5, Ex. B; D.I. 67, Ex. A.)

As with BMS, I recommend that the Court further divide Rabobank's requested fees by three (because fees should only be shifted for the § 1983 claim) and that it further divide that number in half (because the § 1983 claim was only asserted in the Amended Complaint, not the

original Complaint).  Accordingly, I recommend that the Court award Rabobank $7,220.00 (out of its requested $43,322.27).

Plaintiff does not challenge the proposed hourly rates of Rabobank's attorneys, nor does Plaintiff suggest that defense counsel's time estimates are unreasonable.  Rather, Plaintiff contends that Rabobank's redaction of the "description of services" column on its billing records "mak[e] it impossible for Recovery Fund and Counsel to challenge the application."  (D.I. 69 at 19.)  I disagree.  Plaintiff cites no case law in support of its argument that Rabobank's fee application was required to contain billing records setting forth exactly how much time was spent in defense of each claim on each day.  Moreover, Rabobank did not calculate its fees by totaling up the exact number of hours spent defending the § 1983 claim on each day.  Rather, Rabobank estimated its fees using the methodology above, and I find that its methodology is entirely reasonable under the circumstances.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Defendants' motions for attorney's fees (D.I. 62; D.I. 65) be GRANTED-IN-PART and DENIED-IN-PART as follows:

1.   The motions should be DENIED to the extent they seek fees under 28 U.S.C. § 1927 and the Court's inherent authority;

2.   The motions should be GRANTED to the extent they seek fees under 42 U.S.C. § 1988 to reimburse Defendants for the time their attorneys spent because of, but only because of, Plaintiff's frivolous § 1983 claim;

3.   The Court should order Plaintiff Recovery Fund to pay Defendant BMS $11,133.00 in attorney's fees; and

4. The Court should order Plaintiff Recovery Fund to pay Defendant Rabobank $7,220.00 in attorney's fees.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),(C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.

Dated: May 29, 2020

                    _____
                    Jennifer L. Hall
                    UNITED STATES MAGISTRATE JUDGE